UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ELISE A. HALPIN,                )<br>      Plaintiff,                )<br>                                )<br>v.                              )<br>                                )<br>WOODFORD COUNTY, ILLINOIS *et al.,*  )<br>      Defendants.              ) | Case No. 25-1261 |

ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Plaintiff Elise Halpin, a resident of Medina, Ohio, filed a Motion for Leave to File an Amended Complaint (Doc. 3) under 42 U.S.C. § 1983 that is before the Court for screening. Plaintiff also filed a Petition to Proceed *in forma pauperis* ("IFP") (Doc. 4).

**I.      Motion for Leave and IFP Petition**

Plaintiff's Motion for Leave to File Amended Complaint (Doc. 4) is granted. Plaintiff's IFP Petition (Doc. 4) is MOOT as Plaintiff has paid the filing fee. (Doc. 5).

**II.      Complaint**

**A. Screening Standard**

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. Upon review of the complaint, the court accepts the factual allegations as accurate and

construes them liberally in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Relevant State Criminal Proceedings

The Court takes judicial notice of Woodford County cases 23-CF-154, 23-CF-216, and 23-CF-217. *See White v. Keely*, 814 F.3d 883, 886 (7th Cir. 2016) (stating that courts "may take judicial notice of public records, including public court documents"). On July 3, 2026, Plaintiff was charged with possession of methamphetamine (720 ILCS 646/60) in case 23CF154. The State *nolle prosequi* the charges on August 28, 2023. The next day Plaintiff was charged in case 23-CF-216 with resisting or obstructing a police officer (720 ILCS 5/31-1) and aggravated battery to a police officer (720 ILCS 5/12-3.05). The last docket entry in 23-CF-216 indicates the case was "impounded" on May 29, 2024.

On August 30, 2023, Plaintiff was charged with criminal damage to property (less than $500) (720 ILCS 5/21-1.01(a)(1)) and tampering with a security, fire, or life safety system (720 ILCS 5/17-11.5) in case 23-CF-217. After a May 1, 2024, status hearing was continued, case 23-CF-217 was sealed on May 29, 2024. *See* Woodford County, Illinois, Search Court Records, Case or Name Search, https://www.judici.com/courts/cases/case_search.jsp?court=IL102015J (last visited February 18, 2026).

### C. Facts Alleged

Plaintiff names as Defendants retired Judge Charles M. Feeney; former Woodford

County State's Attorney Gregory M. Minger; Sheriff Matthew Smith; Chief Deputy Dennis Tipsword; Jail Superintendent Al Holocker; Sergeant Dakota Park; Deputies Brett Brown, Thomas McGuire, C. Zehr, and S. Zehr; Woodford County Clerk Dawn Kupfer; Derek Tipsword; Defendant John Doe Jail Intake Officer; John and Jane Doe Court Clerk Staff; John and Jane Doe Officers; John and Jane Doe Jail Staff; John and Jane Doe Officials; Woodford County; Woodford County Sheriff's Office; and Woodford County Jail ("Jail").

### 1. Case No. 2023-CF-154

Plaintiff asserts that on July 2, 2023, Defendant McGuire stopped her without observing a traffic violation or other unlawful activity. (Pl. Ams. Compl., Doc. 3 at 29.) Plaintiff claims McGuire based his stop on "association." (*Id*. at 29:2.) Plaintiff cites a video recording of the traffic stop in which McGuire refers to Defendant Dennis Tipsword's statement that Plaintiff probably hid drug contraband well. (*Id*.) Plaintiff states that she was detained and questioned for an extended period of time, which amounted to false imprisonment.

Plaintiff also claims that she was "punished" for engaging in the protected religious activity of "ohming," which the Jail's intake officer did not like. Specifically, Plaintiff states that despite other open holding cells, she was placed in a cell with two transgender women who had already been convicted of their charges. Plaintiff claims the two other cellmates made her sleep on the floor. (*Id*. at 30:7.)

### 2. Case 23-CF-216

On August 29, 2023, Plaintiff was charged in case 23-CF-216 with resisting or

obstructing a police officer (720 ILCS 5/31-1) and aggravated battery to a police officer (720 ILCS 5/12-3.05). At a May 1, 2024, status hearing, during which Plaintiff did not appear, Plaintiff's defense attorney noted Plaintiff's appearance for a fitness examination, but the report had yet to be filed. The last docket entry shows that case 23CF216 was "impounded" on May 29, 2024.

On August 29, 2023, the day after the State declined to prosecute Plaintiff in case 23CF154, Defendant Park pushed open the front door of Plaintiff's home. Plaintiff claims officers entered her home without her approval, a warrant, or exigent circumstances. Plaintiff was allegedly forcibly removed from her home, denied her request for footwear, and transported to the Jail, where she was placed in a cell, charged with a misdemeanor, and told she would be released the next day. Defendant Brown denied Plaintiff's request to loosen the hand restraints, which caused hematomas, requiring X-rays. (*Id.* at 31-32.) Plaintiff later learned that her next-door neighbor, Defendant Derek Tipsword, who is Defendant Dennis Tipsword's son, was the complainant.

### 3. Case 23-CF-217

Under the heading "2023-CF-217," Plaintiff asserts that she was coerced into pleading guilty by the prosecutor and generally complains about the charges alleged against her, which she claims were not supported by direct evidence, eyewitness testimony, or surveillance footage. (*Id.* at 33:1.) However, under the same heading, Plaintiff also complains about the composition of the jury at her trial and the presiding judge's improper exclusion of photographic evidence. (*Id.* at 34:7.)

Plaintiff also states that the 'Jail Staff" failed to provide adequate hygiene, denied access to basic necessities, and did not address the hazardous conditions. (*Id.* at 33:3.) In this regard, Plaintiff states she  was placed in a "cement room with no bed, no sink, no toilet paper, … a hole with bars to urinate in, and a camera in the corner." (*Id.* at 33:4.)

### 4. Property

After Plaintiff's August 28, 2023, "acquittal" in case 23CF154, she submitted an Illinois Freedom of Information Act ("FOIA") claim to the County Clerk's Office to determine the identity of "all officers involved." (*Id.* at 30:9.) Plaintiff asserts she experienced delays, received incomplete records, and responses that the requested records were lost.

### C. Analysis

### 1. Case 23-CF-154

"The Fourth Amendment protects individuals 'against unreasonable searches and seizures.'" *Matz v. Klotka*, 769 F.3d 517, 522 (7th Cir. 2014) (citing U.S. Const. amend. IV). "'False arrest' is shorthand for an unreasonable seizure prohibited by the Fourth Amendment." *Gibbs v. Lomas*, 755 F.3d 529, 537 (7th Cir. 2014) (quoting *Gonzalez v. Village of W. Milwaukee*, 671 F.3d 649, 655 (7th Cir. 2012)). "Ordinarily seizures are 'reasonable' only when supported by probable cause to believe an individual has committed a crime." *Matz v. Klotka*, 769 F.3d 517, 522 (7th Cir. 2014). "[T]he test under the Fourth Amendment is whether the seizure was objectively reasonable." *Matz v. Klotka*, 769 F.3d 517, 524 (7th Cir. 2014). Where a plaintiff "state[s] a plausible claim for false arrest, his claim for illegal

search incident to his arrest also may go forward." *Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016).

Plaintiff's account states a Fourth Amendment false arrest and subsequent illegal search claim against Defendant McGuire. However, Plaintiff does not state a claim against Defendant Dennis Tipsword merely because McGuire referred to Tipsword's alleged statement about Plaintiff's ability to conceal contraband. Plaintiff does not claim McGuire was present and participated in the stop or search. *See Rasho v. Elyea*, 856 F.3d 469, 478 (7th Cir. 2017) ("[I]n order to hold an individual defendant liable under § 1983 for a violation of an inmate's constitutional rights, the inmate must show that the defendant was personally responsible for that violation.").

It is well settled that prisoners have a protected First Amendment right to a reasonable opportunity to exercise their religious freedom. *Williams v. Lane*, 851 F.2d 867, 877 (7th Cir. 1988). Plaintiff's allegations of being punished for engaging in religious activity states a First Amendment retaliation claim against the Jail intake officer, Defendant John Doe. However, the Court advises Plaintiff that because the Clerk of the Court cannot effect service on an unidentified party, Plaintiff must take steps to identify and file a motion to substitute the real names of any unknown Defendants before the Court-imposed deadline expires. In this regard, after the identified Defendants have filed their responsive pleadings and counsel has entered an appearance, the Court will enter a Scheduling Order outlining procedure and deadlines for identifying unknown parties during the discovery phase.

### 2. Case 23-CF-216

"Under the Fourth Amendment, a 'search' occurs when 'the government violates a subjective expectation of privacy that society recognizes as reasonable.'" *United States v. Caira*, 833 F.3d 803, 806 (7th Cir. 2016) (quoting *Kyllo v. United States*, 533 U.S. 27, 33 (2001)). "A search within the protection of the Fourth Amendment occurs when the government intrudes upon an individual's legitimate expectation of privacy in the object of the search." *United States v. Paxton*, 848 F.3d 803, 807 (7th Cir. 2017). "[S]earches and seizures inside a home without a warrant are presumptively unreasonable." *United States v. Contreras*, 820 F.3d 255, 268 (7th Cir. 2016) (quoting *Kentucky v. King*, 563 U.S. 452, 459 (2011)).

Plaintiff's assertion that Defendant Park, accompanied by unidentified police officers, forcibly entered her home without a warrant and without consent states a Fourth Amendment violation against Defendants Park and John and Jane Doe Officers. However, as noted above, Plaintiff will have to identify the unidentified officers during the discovery phase.

Plaintiff also states a Fourteenth Amendment due process claim against Defendant Brown for denying Plaintiff's request to loosen her hand restraints. *See May v. Sheahan*, 226 F.3d 876, 884 (7th Cir. 2000) (concluding that the Due Process Clause of the Fourteenth Amendment prohibits the use of bodily restraints in a manner that serves to punish a pretrial detainee).

To make out a *prima facie* case of First Amendment retaliation, a plaintiff must

establish that (1) she engaged in activity protected by the First Amendment, (2) she suffered a deprivation that would likely deter First Amendment activity in the future, and (3) the First Amendment activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Plaintiff does not state a retaliation claim because she notes that the officers appeared at her residence in response to a complaint by Defendant Derek Tipsword. Plaintiff provides no facts to establish or permit the inference that the officer's actions were motivated by her First Amendment activity. Additionally, "[s]peculation based on suspicious timing alone . . . does not support a reasonable inference of retaliation." *Burks v. Wis. Dep't of Transp.*, 464 F.3d 744, 758 (7th Cir. 2006) (quoting *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 918 (7th Cir. 2000)).

To the extent Plaintiff attempts to assert a claim against Defendant Derek Tipsword, she fails to do so, as she does not provide any facts establishing Derek Tipsword was acting under color of state law. *See Estate of Perry v. Wenzel*, 872 F.3d 439, 452 (7th Cir. 2017) ("To establish [a] § 1983 claim, [the plaintiff] must demonstrate that the individual defendants: (1) acted under the color of state law; and (2) deprived him of a constitutional right.").

### 3. Case 23-CF-217

Plaintiff asserts that the prosecution attempted to coerce her into pleading guilty and generally complains about the charges alleged against her, which she claims were not supported by direct evidence, eyewitness testimony, or surveillance footage. (*Id.* at

33:1.) Plaintiff then complains about the composition of the jury at her trial and the presiding judge's improper exclusion of photographic evidence. (*Id*. at 34:7.)

Plaintiff also states that the 'Jail Staff" failed to provide adequate hygiene, denied access to basic necessities, and did not address the hazardous conditions. (*Id*. at 33:3.) In this regard, Plaintiff states she was placed in a "cement room with no bed, no sink, no toilet paper, … a hole with bars to urinate in, and a camera in the corner." (*Id*. at 33:4.)

Despite Plaintiff's assertions, she does not state a claim against former Judge Feeney or former prosecutor Minger, as judges and prosecutors are entitled to absolute immunity when acting within the scope of their respective legal responsibilities. *See Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) ("A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction."); *see also Katz-Crank v. Haskett*, 843 F.3d 641, 647 (7th Cir. 2016) (concluding that indicting a person without probable cause, acting maliciously, refusing to consider exonerating evidence, presenting false evidence to the grand jury, and delaying trial encompass prosecutorial acts or omissions for which prosecutors enjoy absolute immunity).

Conditions of pretrial detention implicate the Due Process Clause when "those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Mulvania v. Sheriff of Rock Island Cty.*,

850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell*, 441 U.S. at 538–39). "Additionally, a . . . condition may amount to punishment if prison officials are deliberately indifferent to a substantial risk to the detainee's [health or] safety." *Rapier v. Harris*, 172 F.3d 999, 1005 (7th Cir. 1999) (internal quotation marks omitted).

Plaintiff's condition of confinement claims do not specifically identify any individual. Regardless of this omission, Plaintiff's facts are sufficient to state a Fourteenth Amendment conditions-of-confinement claim against Defendant Holocker as the Jail Superintendent. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) (holding that a plaintiff's allegations of widespread conditions of confinement throughout the Jail may justify the inference that the official had sufficient direct knowledge of and involvement in the alleged violation).

### 4. FOIA and Personal Property

The alleged denial of Plaintiff's request under Illinois' FOIA statute by Defendant Kupfer does not state a claim. "[T]he mere fact that state rules or statutes are violated does not in and of itself amount to a constitutional violation or give rise to an actionable § 1983 claim." *Whitman v. Nesic*, 368 F.3d 931, 935 n.1 (7th Cir. 2004); *see also Brown v. Randle*, 847 F.3d 861, 865 (7th Cir. 2017) ("42 U.S.C. §1983 does not authorize federal courts to order state officials to pay damages for violations of state law; remedies in §1983 suits are for violations of federal law only.").

Additionally, the unauthorized—negligent or intentional—loss, confiscation, or destruction of a prisoner's personal property does not violate due process where state

law provides a meaningful post-deprivation remedy. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

In Illinois, a prisoner has an adequate remedy available to him in the Illinois Court of Claims. *See Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); *see also Sorrentino v. Godinez*, 777 F.3d 410, 413 (7th Cir. 2015) ("The Illinois Court of Claims has exclusive jurisdiction over suits asserting damages to property."); Court of Claims Act, 705 ILCS 505/8(d) (limiting damages against the State for tort claims and vesting the Court of Claims with exclusive jurisdiction); *Davenport v. City of Chicago*, 653 F. Supp. 2d 885, 891 (N.D. Ill. 2009) ("Pursuant to state law, [arrestee] may file a tort claim in the Illinois Court of Claims for her property losses.").

### 5. Remaining Defendants

Despite naming Defendants Smith, C. Zehr, S. Zehr, and the Woodford County Sheriff's Office, Plaintiff does not provide facts to infer that any of them committed a constitutional violation. *See Ruffino v. Sheahan*, 218 F.3d 697, 700 (7th Cir. 2000) ("In Illinois, the office of the Sheriff as an institutional matter is also ordinarily a suable entity under § 1983."); *see also Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Consequently, Plaintiff fails to state a claim against Woodford County under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) (holding that municipalities can be sued directly under § 1983 only where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially

adopted or promulgated by that body's officers"); *see also Martinez v. Hain*, No. 16-cv-2237, 2016 WL 7212501, at *4 (N.D. Ill. Dec. 13, 2016) (collecting cases for the proposition that "courts routinely dismiss *Monell* claims against counties predicated on alleged misconduct by the sheriff's office."). Plaintiff also cannot sustain a § 1983 claim against a building such as the Woodford County Jail. *See Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (concluding that a building, such as a jail or correctional facility, cannot be sued under § 1983.)

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint (Doc. 3) is granted.**

2) **Plaintiff's IFP Petition (Doc. 4) is MOOT.**

3) **According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff states the aforementioned constitutional violations against Defendants Brown, Holocker, McGuire, Park, John Doe Jail Intake Officer, and John and Jane Doe Officers. Plaintiff's claim against Defendants proceeds in their individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

4) **The Clerk of the Court is DIRECTED to terminate Charles M. Feeney, Dawn Kupfer, Gregory M. Minger, Matthew Smith, Dennis Tipsword, Derek Tipsword, C. Zehr, S. Zehr, Woodford County, Woodford County Sheriff's Office, and Woodford County Jail as Defendants.**

5) **This case is now in the process of service. The Court recommends that Plaintiff wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

6) **The Court will attempt service on Defendants by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendants have not**

**filed their respective Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

7) **If a defendant no longer works at the address provided by Plaintiff, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be kept only by the Clerk and shall not be kept in the public docket nor disclosed by the Clerk.**

8) **Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses proper under the Federal Rules. The Answer and later pleadings shall be to the issues and claims stated in this Order. An answer sets forth the Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.**

9) **This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Court. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court enters a scheduling order, which will provide more detailed information about the discovery process.**

10) **Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.**

11) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.**

12) **If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal**

**service through the U.S. Marshals Service on that Defendant and will require Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

13) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

14) **The Court directs the Clerk to attempt service on Defendants under the standard procedures.**

ENTERED February 23, 2026.


s/ *Colleen R. Lawless*

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE